IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIE A. BONAR,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.

CV 04-1005-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff Julie Bonar brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 USC § 405(g). The Commissioner's decision should be affirmed.

# BACKGROUND

At the time of the Commissioner's final decision, Bonar was 47 years old. She completed three years of college and worked in a position that encompassed the functions of accounting clerk and bookkeeper. She alleges that she stopped working because she could not deal with the pressures of work, home and life in general and because her feet became so swollen and in such great pain that she was unable to wear her shoes.

Bonar claims disability from May 23, 2000, due to depression, extreme stress and anxiety complicated by severe edema, diabetes, obesity and overall aches and pains. She alleges that these conditions make her unable to sit or stand for any length of time or stay awake and attentive. She also alleges memory loss.

The ALJ found that Bonar's ability to work was impaired by edema and obesity. He found her diabetes and depression well controlled by medication so that they did not impose functional limitations. The ALJ found that Bonar retained the residual functional capacity (RFC) to perform work requiring light exertion, but not work requiring more than occasional crouching. He found that these limitations did not prevent Bonar from performing her past sedentary work as an accounting clerk and bookkeeper.

# DISCUSSION

Bonar contends the ALJ erred by failing to find her mental impairment severe within the meaning of the Act. She alleges that the ALJ improperly failed to adopt all of the agency medical consultants' findings and failed to consider the impact of her obesity on her functional limitations. She contends these errors caused the ALJ to reach an erroneous RFC assessment and to elicit legally inadequate testimony from the impartial vocational expert (VE).

I.  **Non-severe Mental Impairment**

Bonar argues that the ALJ erred by failing to find her mental impairment severe within the meaning of the Act. This argument implicates step two of the five step sequential evaluation used by the Commissioner to determine disability. At step two, the Commissioner will find the claimant not disabled if the claimant has no "medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 US 137, 140-41 (1987); 20 CFR § 404.1520(c).

The ALJ can deny a claim at step two only if the evidence shows that the individual's impairments do not have more than a minimal effect on the person's physical or mental ability to perform basic work activities. SSR 85-28. Bonar's argument fails because the ALJ did not deny her claim at step two based on the absence of severe impairments. Instead, he found that Bonar had a medically severe combination of impairments and properly continued the sequential evaluation until he determined in step four that Bonar retained the ability to perform her past work.

II.  **RFC Assessment**

Bonar challenges the ALJ's evaluation of the evidence in support of his RFC assessment. She contends the RFC assessment should have included functional limitations from her mental impairment, because the agency medical consultants opined that she had mild limitation in social functioning.

The ALJ relied on the treatment records of Connie O'Reilly, PhD, who found that Bonar had situational depression related to financial stress, marital conflict and other temporary factors. Dr. O'Reilly noted that Bonar's psychological symptoms improved dramatically when she made plans to move to a different location. The ALJ also relied on the consultative evaluation of Michelle Whitehead, PhD. Dr. Whitehead found that Bonar's psychological symptoms were transient.

Bonar's reliance on the findings of the agency medical consultant is misplaced. Robert Henry, PhD, found that she had a mild degree of difficulty maintaining social functioning. However, he concluded that her psychological condition did not result in any severe functional limitation. By definition, this means that Dr. Henry believed her psychological symptoms had no more than minimal impact on her ability to perform basic work activities. SSR 85-28; 20 CFR §§ 404.1520a, 404.1521a. Consistent with this, Dr. Henry did not indicate any functional limitation in any basic work related activity.

Based on the foregoing, the ALJ's RFC assessment reflects the reasonable conclusions that can be drawn from the record as a whole about Bonar's mental impairment.

Bonar contends the ALJ's RFC assessment failed to incorporate the findings of Richard Alley, MD, and Sharon Eder, MD, that she is limited to about six hours of sitting in an eight-hour workday. Like Dr. Henry, Drs. Alley and Eder are non-examining agency medical consultants that reviewed Bonar's medical records.

Bonar argues that the ALJ's failure to include a six-hour sitting limitation led him to erroneously conclude that she can do her past sedentary work. She argues that sedentary work requires the ability to sit throughout the work shift. This is not correct. In sedentary work, "sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10. Any error in the ALJ's exclusion of a sitting limitation was harmless.

Bonar contends that ALJ failed to consider the impact of her obesity on her ability to work, in violation of SSR 02-01p. The ALJ found that Bonar's obesity was a severe impairment and evaluated its functional consequences. His RFC assessment was supported by substantial evidence in the record, including the residual functional capacity assessment of Drs. Alley and Eder. By

considering all of the functional limitations supported by the record, the ALJ adequately complied with SSR 02-01p.

III. **Vocational Evidence**

Bonar argues that the ALJ elicited testimony from the VE with a hypothetical question that did not accurately reflect all of her limitations. She contends he erroneously omitted her mild limitation in maintaining social functioning and her ability to sit for about six hours in a workday. As shown above, Bonar's mild limitation in social functioning did not present any functional limitation in the ability to perform basic work activities. Her sitting ability was consistent with the sedentary work she had performed in the past. Accordingly, the vocational testimony provided a legally adequate basis the conclusions drawn from it by the ALJ.

IV. **Development of the Record**

Bonar contends the ALJ failed to fully develop the record. An ALJ's duty to develop the record further is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F3d 1144, 1150 (9th Cir 2001).

Bonar does not allege any ambiguity or inadequacy of the evidence. She contends only that the alleged errors described above amount to a failure to develop the record. She is incorrect.

## CONCLUSION

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision should be affirmed.

DATED this 5th day of April, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge